580

**YUN JUAN PAN, Petitioner,**

v.

**Eric H. HOLDER, Jr.,[1] United States Attorney General, Respondent.**

**No. 09–0172–ag.**

United States Court of Appeals, Second Circuit.

Oct. 19, 2009.

Joan Xie, New York, NY, for Petitioner.

Tony West, Assistant Attorney General; John C. Cunningham, Senior Litigation Counsel; Briena L. Strippoli, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: WALKER, JOSEPH M. McLAUGHLIN and JOSÉ A. CABRANES, Circuit Judges.

### SUMMARY ORDER

Yun Juan Pan, a native and citizen of the People's Republic of China, seeks review of a December 31, 2008 order of the BIA, affirming the November 20, 2006 de-

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for

former Acting Attorney General Mark Filip as respondent in this case.

cision of Immigration Judge ("IJ") Steven R. Abrams, who pretermitted Pan's application for asylum as untimely, and denied Pan's application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Yuan Juan Pan,* No. A099 560 326 (B.I.A. Dec. 31, 2008), *aff'g* No. A099 560 326 (Immig. Ct. N.Y. City Nov. 20, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA affirms the IJ's decision in some respects but not in others, this Court reviews the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the "substantial evidence" standard. 8 U.S.C. § 1252(b)(4)(B); *Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). We review *de novo* questions of law and the application of law to undisputed fact. *Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

As an initial matter, because Pan did not raise a constitutional claim or question of law regarding the timeliness of her asylum application, we lack jurisdiction to review the agency's pretermission of her asylum claim. *See* 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D); *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 324 (2d Cir.2006). Accordingly, we consider only her challenge to the agency's adverse credibility determination and the resulting denial of her application for withholding of removal and CAT relief.

Substantial evidence supports the agency's adverse credibility determination. For example, her testimony that she arrived in the U.S. 2004, but later submitted into evidence a passport issued at the Chinese Consulate in New York in October 2004. When asked how she obtained a passport at the New York consulate before her arrival in the U.S., Pan's counsel provided no answer. Because the IJ was entitled to rely on any discrepancy in making his adverse credibility determination, this finding was not in error. *See Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 166–67 (2d Cir.2008).

Additionally, Pan initially testified and indicated in her asylum application that her parents had been arrested three times, but stated on cross-examination that they were arrested a fourth time. When asked why she failed to mention this incident in her asylum application, Pan stated that she thought her application contained enough information. Although we have held that "asylum applicants are not required to list every incident of persecution on their I–589 statements," *Pavlova v. INS,* 441 F.3d 82, 90 (2d Cir.2006), Pan's omission of this assertion was sufficiently dramatic as to undermine her credibility, *see Xian Tuan Ye v. DHS,* 446 F.3d 289, 295–96 (2d Cir.2006). Moreover, the IJ reasonably declined to credit Pan's explanations. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005).

The agency also reasonably found portions of Pan's testimony implausible, including her claim that she sent her child to be baptized in China despite her alleged fear of persecution there. Asked to explain, Pan claimed that the church she attended in the U.S. told her "they could not just perform [a] baptism [at] anytime." The agency also found suspicious Pan's testimony that her underground church had remained in the same location despite multiple raids. Pan argues that these findings are arbitrary. We disagree. Indeed, they are "tethered to record evidence," and we are not left with a "firm

conviction of error." *See Wensheng Yan v. Mukasey,* 509 F.3d 63, 67–68 (2d Cir.2007); *see also Siewe v. Gonzales,* 480 F.3d 160, 168–69 (2d Cir.2007).

Ultimately, the agency's adverse credibility determination is amply supported by the record. Accordingly, its denial of Pan's application for withholding of removal was proper. *See Xiu Xia Lin,* 534 F.3d at 166–67.

Finally, Pan argues that the BIA erred by failing to conduct a separate analysis of her CAT claim. However, both the IJ and the BIA observed that Pan failed to provide any evidence that she had been tortured in the past or would more likely than not be tortured in the future. Because a petitioner must provide such evidence to establish a CAT claim, *see* 8 C.F.R. § 1208.16(c), there was no error in denying Pan's CAT claim.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).